# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-25-00093-CR

---

Daniel Saucedo,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
54th District Court of McLennan County, Texas
Judge Susan N. Kelly, presiding
Trial Court Cause No. 2023-1609-C2

---

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

Daniel Saucedo entered an open plea of guilty to first-degree aggravated assault by stabbing the mother of his children eleven times with a knife. *See* TEX. PENAL CODE ANN. § 22.02. He elected for a jury to assess punishment and pled "true" to one felony enhancement paragraph. After hearing the evidence, the jury assessed Saucedo's punishment at forty-five years in prison. In six issues on appeal, Saucedo claims that the trial court reversibly erred by

excluding six defense exhibits and contends that the judgment and bill of costs contain nonreversible errors that require modification. We modify the judgment and bill of costs as described below and affirm the judgment as modified.

## Defense Exhibits

In his first and second issues, Saucedo contends that the trial court erred in excluding Defendant's Exhibits 16 through 21. We disagree.

STANDARD OF REVIEW

We review a trial court's exclusion of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011).

RELEVANT FACTS

During Saucedo's cross-examination of the Waco Police Department crime scene technician, he offered Defense Exhibits 16 through 21. Defense Exhibits 16 and 17 were photographs of a dry erase board with writing on it. Defense Exhibits 18 through 21 were photographs of a handwritten letter addressed "To You." Both the letter and the dry erase board were located in Saucedo's bedroom, but neither of the writings were dated or signed.

The State objected to the exhibits as hearsay. Defense counsel responded that the exhibits were not being offered to prove the truth of the matters asserted in the writings; rather, they were being offered to demonstrate

Saucedo's then-existing state of mind under Rule of Evidence 803(3).[1]  *See* TEX. R. EVID. 803(3).

After the trial court expressed concern over defense counsel's ability to authenticate the exhibits through the crime scene technician, defense counsel attempted to lay the predicate to establish their admissibility.  The crime scene technician confirmed the accuracy of the photographs and that she took all six photographs in Saucedo's bedroom.  The State then re-urged its hearsay objection and argued that the crime scene technician could not lay the necessary foundation to demonstrate that the writings showed Saucedo's state of mind.  Specifically, the State noted that the crime scene technician did not identify the handwriting in the exhibits as Saucedo's handwriting or otherwise attribute the writings to Saucedo, pointed out that the writings were not dated, and asserted that the witness had no personal knowledge of the matters discussed in the writings.  The trial court sustained the objection.

ANALYSIS

To authenticate an item of evidence, the proponent must produce sufficient evidence to support a finding that the item is what the proponent claims it is.  *Id.* R. 901(a).  "Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge,

---

[1] At trial, Saucedo also proffered the writings as statements against interest under Rule of Evidence 803(24).  *See* TEX. R. EVID. 803(24).  He does not advance this argument on appeal.

by comparison with other authenticated evidence, or by circumstantial evidence." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012).

On appeal, Saucedo asserts that the exhibits were authenticated by the crime scene technician because she "was a witness with knowledge of the photographs" and testified that she took the photographs in Saucedo's bedroom. However, at trial, Saucedo claimed that Defense Exhibits 16 through 21 accurately depicted writings authored by him that evidenced "his state of mind and what was going on with him[.]" Saucedo's claim, therefore, required evidence that the writings were authored by a specific person during a relevant time frame. *See* TEX. R. EVID. 803(3). Though the crime scene technician authenticated the exhibits as photographs she took, she did not authenticate the writings within the photographs. She provided no evidence regarding the authorship of the writings or when the writings may have been created.

Further, the writings themselves were unsigned and undated. Saucedo points out that from the context, we can ascertain that the letter depicted in Defense Exhibits 18 through 21 was written sometime after the complainant broke his windshield but before the offense occurred on August 29, 2023.[2] The evidence at trial indicated that the complainant broke Saucedo's windshield in November or December of 2022, some eight or nine months before Saucedo

---

[2] The letter includes the following statement: "I hate that I can have [sic] but that doesn't make it okay for you to shatle [sic] the windshield."

stabbed her. We find that the trial court did not abuse its discretion in excluding Defendant's Exhibits 16 through 21 because they were not authenticated.

Accordingly, we overrule Saucedo's first and second issues.

## Bill of Costs Modification

In his third issue, Saucedo requests that we modify the bill of costs to delete the assessed $250 DNA Fee. The State agrees that the fee should be deleted. Former article 102.020 of the Code of Criminal Procedure, the statute requiring assessment of a $250 DNA fee as court costs in certain criminal cases, was repealed effective January 1, 2020. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.19(7), 2019 Tex. Gen. Laws 3982. The offense in this case occurred after January 1, 2020. Accordingly, we sustain Saucedo's third issue and modify the bill of costs to delete the $250 DNA fee.

## Judgment Modifications

In his fourth issue, Saucedo requests that we modify the "Statute for Offense" section of the judgment to reflect the proper penal code section for his conviction. The judgment currently reflects the penal code section for burglary. *See* TEX. PENAL CODE ANN. § 30.02. The State agrees to the requested

modification. We sustain Saucedo's fourth issue and modify the "Statute for Offense" section of the judgment to reflect section 22.02(b)(1).[3]

In his fifth issue, Saucedo asks that we delete the word "guilty" from the "Verdict of Jury" field in the judgment and insert "N/A" because he pled guilty to the offense. The State disagrees, pointing out that the jury found Saucedo guilty. The jury charge includes an instruction by the trial court that Saucedo's "plea of guilty is received by the Court, and you are instructed to find the Defendant guilty of the offense of Aggravated Assault, as alleged in the indictment." The verdict form in the jury charge also includes the following finding by the jury, as instructed: "We, the Jury, find the Defendant, Daniel Saucedo, guilty of the offense of Aggravated Assault, as alleged in the indictment[.]" We agree with the State and overrule Saucedo's fifth issue.

In his sixth issue, Saucedo asks us to modify the judgment to delete the following language on page two that incorrectly reflects there was a contested jury trial on guilt-innocence:

> The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

---

[3] Saucedo asks that the judgment reflect section 22.02(b)(1)(A); however, under the version of the statute in effect at the time the offense was committed, the correct reference is section 22.02(b)(1). *See* Acts 2021, 87th Leg., ch. 461 (H.B. 1306), eff. Sept. 1, 2021.

The State agrees that this language should be stricken. We sustain Saucedo's sixth issue and modify the judgment by striking the aforementioned language.

## Conclusion

We sustain Saucedo's third, fourth, and sixth issues, and overrule his first, second, and fifth issues. The bill of costs is modified to delete the $250 DNA Fee, and the judgment is modified to reflect the correct statute of offense and to delete the aforementioned incorrect language regarding the trial proceedings. The judgment is affirmed as modified.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED: May 7, 2026

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed as modified
Do not publish
CRPM

